FORT SMITH LUMBER COMPANY *v.* STATE OF ARKANSAS EX REL. ARBUCKLE, ATTORNEY GENERAL.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 394. Submitted January 5, 1920.—Decided March 1, 1920.

Double taxation is not forbidden by the Fourteenth Amendment. P. 533.

A State may use its taxing power to carry out a policy respecting corporations. *Id.*

It may discriminate between local corporations and individuals by making the former liable to be taxed on shares held in other local corporations, themselves fully taxed, and to be sued for the back taxes, while leaving individuals free from such liabilities. *Id.*

211 S. W. Rep. 662, affirmed.

THE case is stated in the opinion.

*Mr. Joseph M. Hill* and *Mr. Henry L. Fitzhugh* for plaintiff in error.

*Mr. John D. Arbuckle,* Attorney General of the State of Arkansas, and *Mr. George Vaughan* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by the State of Arkansas against the plaintiff in error, a corporation of the State, to recover back taxes alleged to be due upon a proper valuation of its capital stock. The corporation owned stock in two other corporations of the State each of which paid full taxes and it contended that it was entitled to omit the value of such stock from the valuation of its own. This omission is the matter in dispute.. The corporation defends on the ground that individuals are not taxed for such stock or subject to suit for back taxes, and that the taxation is double, setting up the Fourteenth Amendment. The case was heard on demurrer to the answer and agreed facts, and the statute levying the tax was sustained by the Supreme Court of the State.

The objection to the taxation as double may be laid on one side. That is a matter of state law alone. The Fourteenth Amendment no more forbids double taxation than it does doubling the amount of a tax; short of confiscation or proceedings unconstitutional on other grounds. *Davidson* v. *New Orleans,* 96 U. S. 97, 106; *Tennessee* v. *Whitworth,* 117 U. S. 129, 136, 137; *St. Louis Southwestern Ry. Co.* v. *Arkansas,* 235 U. S. 350, 367, 368. We are of opinion that it also is within the power of a State, so far as the Constitution of the United States is concerned, to tax its own corporations in respect of the stock held by them

in other domestic corporations, although unincorporated stockholders are exempt. A State may have a policy in taxation. *Quong Wing* v. *Kirkendall*, 223 U. S. 59, 63. If the State of Arkansas wished to discourage but not to forbid the holding of stock in one corporation by another and sought to attain the result by this tax, or if it simply saw fit to make corporations pay for the privilege, there would be nothing in the Constitution to hinder. A discrimination between corporations and individuals with regard to a tax like this cannot be pronounced arbitrary, although we may not know the precise ground of policy that led the State to insert the distinction in the law.

The same is true with regard to confining the recovery of back taxes to those due from corporations. It is to be presumed, until the contrary appears, that there were reasons for more strenuous efforts to collect admitted dues from corporations than in other cases, and we cannot pronounce it an unlawful policy on the part of the State. See *New York State* v. *Barker*, 179 U. S. 279, 283. We have nothing to do with the supposed limitations upon the power of the state legislature in the constitution of the State. Those must be taken to be disposed of by the decisions of the State Court. As this case properly comes here by writ of error, an application for a writ of certiorari that was presented as a precaution will be denied.

*Judgment affirmed.*

MR. JUSTICE MCKENNA, MR. JUSTICE DAY, MR. JUSTICE VAN DEVANTER and MR. JUSTICE MCREYNOLDS dissent.