CENTRAL NATIONAL BANK OF CLEVELAND (SUCCESSOR BY CHANGE OF CORPORATE TITLE TO CENTRAL UNITED NATIONAL BANK OF CLEVELAND), ADMINISTRATOR, ESTATE OF JOHN F. McINERNEY, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83276. Promulgated February 12, 1937.

*Arthur A. Sayre, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

OPINION.

LEECH: This proceeding seeks redetermination of $249.54 in income tax determined for the period January 1 to March 10, 1934, against the petitioner as the administrator of the estate of John F. McInerney, deceased. The only error assigned is respondent's disallowance of a deduction of interest, paid, in the sum of $7,653.82. The proceeding is submitted upon a formal stipulation of fact, reading as follows:

John F. McInerney, a Catholic priest, died on March 10, 1934. Shortly after his death it was discovered that he had accumulated $375,000.00 over the period 1913 to the date of his death. The source of the greater part of the accumulation is not known. He had failed to file a Federal Income tax return at any time, except for the years 1925 and 1926, and in those years his income was understated. No Federal Income tax was paid on any of the accumulations during his lifetime. Immediately after the decedent's death the local revenue agent's office proceeded to determine the amount of the deficiency of Federal Income tax due from the decedent, as well as interest properly chargeable thereon. The total tax and interest so determined amounted to $27,209.36, of which amount $7,653.82 was interest.

Central National Bank of Cleveland, 308 Euclid Avenue, Cleveland, Ohio is the administrator of said decedent's estate. The full amount of the tax and interest so determined by the respondent, $27,209.36 was agreed to and paid by the administrator on May 26, 1934.

It was not known by respondent at the date of decedent's death or prior thereto that he was liable for Federal Income taxes. The investigation was

begun following his death and the income tax finally determined by agreement on May 26, 1934.

In the preparation of the income tax return for the decedent for the period from January 1, 1934 to March 10, 1934, the latter date being the day of the decedent's death, there was deducted the amount of $7,653.82, which was interest accrued on the deficiencies of income tax determined to be due from the decedent for the years 1913 to 1933, inclusive.

The deficiency alleged in this proceeding is $249.54 and is predicated solely upon the disallowance by respondent as a deduction on the above return of the amount $7,653.82.

The petitioner, in filing a return for the decedent for the period January 1, 1934, to the date of death on March 10, 1934, accrued and reported income for that period whether received or not. This was done in accordance with section 42 of the Revenue Act of 1934,[1] and, consistent with the provisions of section 43 of the same act,[2] it likewise accrued the deductions applicable to such period which were owing at decedent's death. Included in these deductions was the amount of $7,653.82, paid by it on May 26, 1934, as interest to that date on deficiencies in income tax due from the decedent.

We assume, from the record, decedent was on the cash basis. See *George A. Neracher*, 32 B. T. A. 236.

Respondent does not question petitioner's accrual of income for the period in question but has disallowed deduction of the interest payment. His theory for this contested action is stated by his counsel upon brief in the following words: *"Where all events fixing the liability for interest transpire subsequent to decedent's death, no deduction of such interest is allowable in determining the taxable income of decedent on the income tax return filed for the period January 1, 1934 to March 10, 1934, the date of decedent's death."*

The rule thus stated is undoubtedly correct. If the events fixing the liability did not transpire until after decedent's death, no basis for accrual then existed. However, here, we think, at decedent's death, the liability for the disputed interest had been fixed in an amount ascertainable with reasonable certainty. That sustained the questioned accrual. *United States* v. *Anderson*, 269 U. S. 422.

The receipt of income and the revenue acts applicable thereto, not the mere assessment of the tax, fixed the liability for the tax and its amount. Upon the date of decedent's death, the events which had then transpired were that in prior years the decedent had realized

---

[1] SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

* * * In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period.

[2] SEC. 43. PERIOD FOR WHICH DEDUCTIONS AND CREDITS TAKEN.

* * * In the case of the death of a taxpayer there shall be allowed as deductions and credits for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly allowable in respect of such period or a prior period.

large amounts in taxable income which he had failed to report and on which an income tax was then due and unpaid. The various revenue acts creating a liability for payment of these taxes also fixed a liability for interest upon the amounts due. Revenue Act of 1913, sec. G; Revenue Act of 1916, sec. 9; Revenue Act of 1918, sec. 250; Revenue Act of 1919, sec. 250; Revenue Act of 1921, sec. 250; Revenue Act of 1924, secs. 274 and 276; Revenue Act of 1926, secs. 273 and 276; Revenue Act of 1928, secs. 292 and 294; Revenue Act of 1932, secs. 292 and 294; and Revenue Act of 1934, secs. 292 and 294. This liability was not different from that of the tax itself. Its assessment and collection were not discretionary with respondent.

Thus, it is clear that, at decedent's death, he was indebted to the Federal Government for deficiencies constituting unpaid income taxes, pertaining to prior years, in a total amount of $19,555.54, together with interest on these deficiencies at a rate fixed by the statute and for periods in each instance determined by the due date of the tax.

It is thus evident that all of the facts necessary for accrual of the indebtedness of decedent for the disputed interest had occurred at the time of his death.

We hold that petitioner is entitled to accrue, for purposes of deduction, the decedent's liability for interest upon unpaid tax deficiencies owing at the time of his death. In this connection it is noted that the full amount of the interest paid by petitioner, as administrator, is included in the deduction in question. This appears to be the interest from the due date of the tax, in the case of each prior year's liability, to the date of payment on May 26, 1934. This sum exceeds the amount of the liability of decedent for interest as of the date of his death on March 10, 1934. The deduction should be adjusted by elimination of the interest from the date of death to the date of payment.

*Judgment will be entered under Rule 50.*