ESTATE OF LEWIS CASS LEDYARD, JR., DECEASED, UNITED STATES TRUST COMPANY OF NEW YORK, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99249. Promulgated July 18, 1941.

*Allin H. Pierce, Esq., Will R. Gregg, Esq.,* and *John H. Young, Jr., Esq.,* for the petitioner.

*J. R. Johnston, Esq.,* for the respondent.

OPINION.

*Constitutional Question.*

DISNEY: The petitioner argues that the last sentence of section 42 of the Revenue Act of 1936 [1] is not within the Sixteenth Amendment and violates the Fifth Amendment.

---

[1] SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

\* \* \* In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period.

Whether or not the respondent's action as to the income items involved herein violates the Fifth Amendment is fully answered in *Estate of Wilton J. Lambert*, 40 B. T. A. 802. In that case the decedent, an attorney, kept his books on the cash method of accounting and died in 1935 with accruable amounts owing to him for services rendered during his lifetime. We held that the last sentence of section 42, *supra*, did not violate the Fifth Amendment.

Decisions of this Board and the courts are uniform in holding that the effect of section 42 is to put the decedent on the accrual basis of reporting income in his final return. *Lillian O. Fehrman, Executrix*, 38 B. T. A. 37; *Estate of Wilton J. Lambert, supra; Estate of G. Percy McGlue*, 41 B. T. A. 1186; *Herder* v. *Helvering*, 106 Fed. (2d) 153; *Helvering* v. *Enright*, 312 U. S. 636. The accrual method of accounting and reporting income is not new. It has been a part of income tax laws since the 1916 Act. The constitutionality of the method was apparently assumed in *United States* v. *Anderson*, 269 U. S. 422, and in *United States* v. *American Can Co.*, 280 U. S. 412. The accrual basis of accounting authorized by the Revenue Act of 1918 was held in *Weed & Bro.* v. *United States*, 38 Fed. (2d) 935; certiorari denied, 282 U. S. 846, not to violate the Sixteenth Amendment. Other cases hold that a deceased partner's distributive share of partnership profits not reduced to possession constitutes income includable in the final income tax return of the decedent who had kept his books on the cash basis. *Bull* v. *United States*, 295 U. S. 247; *Guaranty Trust Co.* v. *Commissioner*, 303 U. S. 493. The constitutionality of section 42 was not questioned in *Helvering* v. *Enright, supra*, but the Court held that a right to receive in the future partnership income earned by the efforts of the decedent prior to his death is accruable as income and taxable, with cash actually received, in the final return of the deceased partner. Like income is involved herein. A tax imposed upon it is clearly within the Sixteenth Amendment, and we so hold.

### Partnership Income.

The sole point for discussion under this issue is whether the amount of $134,534.95, paid to the petitioner as the decedent's proportionate share of partnership profits on collections made after his death, is accruable within the meaning of section 42, *supra*. The proceeding was submitted prior to *Helvering* v. *Enright, supra*. The briefs filed by each party discuss at considerable length various cases of the courts and this Board, some involving the controlling statute, as to when income is accruable. No useful purpose would be served by discussing their interpretation of the decisions relied upon by them, in view of the more recent decision of the Supreme Court in the *Enright* case.

In the *Enright* case the respondent's decedent was at the time of his death a member of a law partnership which kept its books and filed its returns on the cash basis each calendar year. Also, the decedent, like the petitioner here, was on the cash basis. The partnership agreement entitled the estate of any deceased partner to receive his share of, among other things, "outstanding accounts and the earned proportion of the estimated receipts from unfinished business", and provided for a valuation of the items by the decedent's executor and the senior surviving partner, the amount of which was payable by the surviving partners in equal installments within eighteen months. The will of the decedent directed his executor to accept the valuation placed on his interest by the senior surviving partner and to accept payment upon such terms as the valuing partner deemed necessary for liquidation out of the business. There was a further understanding that the estate would receive what was ultimately realized out of the valued assets.

The question before the Court was whether the valuation placed upon the decedent's interest in partnership earnings prior to his death, which amount was returned by the executor for Federal estate and New Jersey inheritance tax purposes, constituted accrued income within the meaning of section 42 of the 1934 Act, which reads the same as section 42 of the 1936 Act. In holding that the income had accrued, the Court said, *inter alia:*

\* \* \* There was no customary accounting system to determine whether the value of services rendered should be accrued before payment. Under such circumstances, we are of the view that items of partnership income properly accrued should be included in the income tax return of the deceased partner. This will cause the accrued items of partnership returns to be included in the income tax return of a deceased partner, whether the partnership method is accrual or cash. Furthermore, an accrual of compensation for the unfinished business seems sound in view of the purpose of the enactment of § 42.

\*     \*     \*     \*     \*     \*     \*

\* \* \* Accruals here are to be construed in furtherance of the intent of Congress to cover into income the assets of decedents, earned during their life and unreported as income, which on a cash return, would appear in the estate returns. Congress sought a fair reflection of income.

\* \* \* The completion of the work in progress was necessary to fix the amount due but the right to payment for work ordinarily arises on partial performance. Accrued income under § 42 for uncompleted operations includes the value of the services rendered by the decedent, capable of approximate valuation whether based on the agreed compensation or on *quantum meruit*. The requirement of valuation comprehends the elements of collectibility. The items here meet these tests and are subject to accrual.

The effect of the Court's opinion was, in general, to approve as an accrual, for inclusion in the final income tax return of the decedent, the value of the interest of the decedent in earnings of the partnership prior to his death, an asset of decedent at the time of his death, even though the amount had not been accrued or distributed by the

firm. In that proceeding, as here, there was a large volume of uncompleted work, consisting of pending cases, taken over by the successor partnership. Here the partnership agreement made no provision for placing valuation on the decedent's share of partnership earnings, though not actually collected, and the income taxed to the decedent by respondent is based upon payments made to the petitioner from cash collections after the termination of the partnership, not upon a valuation of the decedent's interest as of the date of his death. These payments were made pursuant to the partnership agreement under which the estate of a deceased partner was entitled to his "due proportion of all earnings received after such dissolution for services performed prior thereto."

No contention is made by petitioner that the value of the decedent's right to a proportionate share of partnership earnings for services rendered by its members prior to his death is less than the amount of $134,534.95 which was included in decedent's income by respondent and is in controversy. Such evidence as there is of record discloses a value considerably in excess thereof. The interest was returned by the executor, the petitioner herein, for estate tax purposes at an estimated value of $281,778.12, or about twice the amount based upon actual receipts over a period of four years subsequent to decedent's death. This evidence of value is sufficient to sustain the findings of respondent that $134,534.95 was accruable as income in the final income tax return of the decedent. *Estate of George W. Wickersham*, 44 B. T. A. 619. In sustaining the respondent on this issue we do not decide whether, without evidence of value of the right to partnership earnings, an accrual may be made based entirely upon actual receipts subsequent to the termination of the partnership.

### Executor's and Trustee's Commissions.

The parties are in agreement that section 285 of the Surrogate's Court Act and section 1548 of the Civil Practice Act of the State of New York, prescribing rates of compensation for executors and testamentary trustees and trustees of trusts *inter vivos*, are applicable only to living fiduciaries and that compensation to a deceased fiduciary is discretionary with the court. See *Matter of Bushe*, 227 N. Y. 85; *Matter of Barker*, 230 N. Y. 364; *Matter of Rosenberg*, 124 Misc. 434; 207 N. Y. S. 557; *Matter of Mohr*, 167 Misc. 523; 5 N. Y. S. (2d) 239. The contention of petitioner under this issue is that no amount should be included in income for accrued commissions for service rendered by the decedent as executor and trustee, upon the ground that it is impossible to determine in advance of a decree what amount will be allowed within the broad discretionary power of the court.

The petitioner contends that *Estate of G. Percy McGlue, supra*, is indistinguishable and controlling. That case involved the accrual, under section 42, of commissions earned by the coexecutor of two estates in the District of Columbia, where the proper court has discretionary power to award, upon the final settlement of the estate, a fee of from 1 to 10 percent of the value of the estate. In one of the estates no application had been filed for commissions prior to the hearing and consequently nothing had been allowed by the court or collected. The amount included in the decedent's final return for accrued commissions was based upon the estimate made in the estate tax return for deduction purposes. In the other estate no accounting was filed and no allowance of commissions was made until after the decedent's death. The amount so allowed was included in the decedent's final return by the Commissioner. The indefiniteness of the amount, if any, that would be allowed by the court was a factor leading to our conclusion that the fees had not accrued to the executor at the time of his death. Upon appeal the court, following the rationale of the *Enright* case, reversed the Board. *Helvering* v. *McGlue*, 119 Fed. (2d) 167.

We are referred, however, to decisions of courts of New York denying commissions to fiduciaries who had failed to properly perform their duties. Petitioner does not contend and no evidence was offered to show that the decedent did not at all times faithfully perform his duties as a fiduciary. A witness for the petitioner, with experience before courts in the matter of commissions for services rendered by deceased trustees and executors, testified that when a trustee is entitled to anything he is usually awarded commissions at the statutory rate. All of the commissions allowed by the courts after decedent's death were computed at the statutory rates.

The facts here do not differ in any material respect from *Helvering* v. *McGlue, supra*, following which we sustain the respondent except that, in accordance with the stipulation and amended answer, the amount should be decreased by $54.20.

### Dividends.

The petitioner contends that as the dividends declared prior to decedent's death were not payable or paid until thereafter, the right to receive the dividends had not become fixed at the time of decedent's death, and, therefore, they were not accruable as income, citing *Estate of G. Percy McGlue, supra*, in which we held, upon like facts, that the dividends were not accrued income. On appeal the court reversed the Board upon the ground that, as the declaration of the dividend created a corporate debt under the laws of New York, the right to the dividend had accrued at the time of death.

We have held that a dividend declared in December 1922 payable on January 1, 1923, is accrued income in 1922. *Archer Maynard Campbell*, 6 B. T. A. 60. Other decisions of the Board hold that the general rule is that a declaration of a dividend creates a debt from the corporation to the stockholders. *W. E. Caldwell Co.*, 6 B. T. A. 47; *Callanan Road Improvement Co.*, 12 B. T. A. 1109. The rule prevails in New Jersey. *Stevens* v. *U. S. Steel Corporation*, 68 N. J. E. 373; 59 Atl. 905; *Beattie* v. *Gedney*, 99 N. J. E. 207; 132 Atl. 652. Accordingly, following *Helvering* v. *McGlue, supra*, we sustain the respondent on this issue.

### *Director's Liability.*

Section 43 of the Revenue Act of 1936 provides as follows:

The deductions and credits (other than the dividends paid credit provided in section 27) provided for in this title shall be taken for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. In the case of the death of a taxpayer there shall be allowed as deductions and credits for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly allowable in respect of such period or a prior period.

Petitioner admits upon brief that at the time of decedent's death the liability had not become fixed or determinable. Its contention is merely that if sections 42 and 43 are construed to include "all amounts attributable to the decedent's lifetime activities", then the amount of the judgment, plus expenses incidental thereto, constitutes an accrued item.

The amount was not claimed as a deduction in the return of the decedent. In the statement attached to the deficiency notice respondent, in answering an alternative contention of petitioner that the item represented an accrued expense of the decedent at the time of his death, stated that neither the decedent during his lifetime nor the petitioner thereafter admitted liability under the suit and held, citing *Lucas* v. *American Code Co.*, 280 U. S. 445, that the expenses did not accrue at the date of the decedent's death and therefore were not deductible under section 43. Upon brief the respondent, without extended argument, contends that, while the rights forming the basis of the complaint may have existed at the time of death, they were not accrued at that time, and that the evidence fails to show that "the item is one of a nature for which the statute permits deduction."

Up to the time of this suggestion in respondent's brief the only issue made by the pleadings, or suggested in the deficiency notice, was whether the item was properly accruable. Nor was any sugges-

tion made at the hearing that the item might not be a properly deductible item, because not an ordinary and necessary expense of business, or loss in a transaction in business or in a transaction entered into for profit, or otherwise. On the contrary, the opening statements indicate that the trial was pitched, as to this item, on the question of accruability. We therefore consider only that question.

Undoubtedly the matter of liability in the suit pending against the decedent at the time of his death was not accruable under ordinary concepts of accounting. However, the *Enright* case plainly imports into this matter, on account of the impact of section 43, a concept which differs from the ordinary accounting idea of accruability. Assuming, as the parties upon hearing assumed, that the facts in connection with the suit and judgment constitute proper basis for an allowable deduction, other than upon the question of accruability, in our opinion the *Enright* case impels us to hold that the item was accruable within the intendment of section 43. It is obvious that all facts upon which judgment was finally rendered had taken place prior to the decedent's death, and the amount was later rendered definite by the rendition and payment of judgment in a certain amount, just as the compensation for the decedent's services as executor and trustee was rendered definite by the payment of fees therefor after his death. A fair reflection of income requires, we think, that the item of judgment be placed in a category of deductions corresponding to the items of income. Section 43 covers deductions in a manner obviously intended to be parallel with the income covered by section 42, and the Supreme Court in the *Enright* case said: "Congress sought a fair reflection of income." Such an end would be frustrated unless the meaning of "accrued" is applied, as broadened by that case, alike to income and deductions. We conclude and hold that the respondent erred in denying the deduction of the amount of judgment rendered for director's liability and the expenses incident thereto in the total amount of $253,087.35.

*Interest.*

The only contention of petitioner under this issue is that the amount is constitutionally free from tax as accrued income. We have held that section 42, *supra*, does not violate the Fifth Amendment and is within the Sixteenth Amendment. The interest was earned prior to death and payable thereafter. It clearly constitutes accrued income under section 42, *supra*, and we so hold.

*Decision will be entered under Rule 50.*