SAN MIGUEL & CÍA., INC., Plaintiff and Appellant, *v.* ANGEL DIEZ DE ANDINO, TREASURER OF THE CAPITAL, Defendant and Appellee.

No. 10039.    Argued February 7, 1950.—Decided May 4, 1950.

*Clemente Ruiz Nazario* and *F. L. San Miguel* for appellant. *Arcilio Alvarado* and *Carlos J. Ortiz* for appellee. *James R. Beverley, Iván Reichard,* and *Martín Avilés Bracero,* as *amici curiae.*

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

In order to collect the municipal license tax, the Government of the Capital calculated the volume of appellant's business during the year 1946–47 as amounting to $1,962,581.06. Based on this calculation, the Treasurer of the Capital demanded that appellant pay $4,159.50. In computing this volume of business the appellee included $204,098, which was the amount of the sales of hydraulic cement made by appellant during the said year. But as, pursuant to paragraph 28 of § 16 of the Internal Revenue

Law of Puerto Rico, as amended by. Act No. 116 of 1943, the appellant was required to pay a tax of three cents per hundredweight on hydraulic cement or substitute therefor, introduced, *sold*, transferred, used or consumed in Puerto Rico, it alleged that the Government of the Capital had no power to levy a tax on the sales of said article. Consequently, it paid under protest the amount of $4,159.50, alleging that if the amount of the sales of hydraulic cement were deducted from the volume of its business, the license tax would be $664.97. Subsequently, it sued the Government of the Capital in the lower court for $3,494.53 which it claimed was illegally collected. A motion to dismiss was granted and judgment entered for the defendant.

■■ Section 99 of the Internal Revenue Law of Puerto Rico (Act No. 85 of 1925, p. 584) provides as follows:

"From and after the date of approval of this Act, no municipal district or other administrative division of Porto Rico may levy or collect any excise or local tax on any article subject to taxation under the provisions of this Act; *Provided*, That nothing herein contained shall be understood to repeal in whole or in part Act No. 26, entitled 'An Act authorizing the municipalities of the Island of Porto Rico to levy and collect annual taxes to be used in meeting their budgetary expenses, and for other purposes', approved March 28, 1914; *And provided, further*, That when the levying of a license tax is in conflict with the tax levied in accordance with the general Excise Tax Law and both cannot be made effective, it shall be understood that the tax levied under the Excise Tax Law shall prevail."

Based on § 99, this Court has repeatedly held that if an article has been taxed under the Internal Revenue Law, a municipality is precluded from taxing it again, whether in the form of a municipal license tax or any other local excise tax. *Porto Rico Distilling Co.* v. *Seijo*, 42 P.R.R. 409 (1931); *People* v. *Irizarry*, 46 P.R.R. 867 (1934) and *Andréu, Aguilar & Co.* v. *Benítez, Admor.*, 56 P.R.R. 554 (1940).

In *Porto Rico Distilling Co.* v. *Seijo, supra*, the Municipality of Arecibo approved an ordinance levying a municipal

excise tax of one-half cent on each liter of ethyl alcohol manufactured within the municipal district and providing for its collection. At the same time, under § 84 of the Internal Revenue Law of Puerto Rico, as amended, a license tax of $150 was collected every three months (first class) from every distiller of alcohol on distilled spirits for medicinal, industrial or scientific purposes. This Court affirmed the judgment of the lower court declaring null and void the municipal ordinance and an injunction was issued to prohibit the collection of the municipal excise tax. We held that the municipal excise tax could not subsist, inasmuch as the article on which the excise tax was levied was subject to a license tax under the Internal Revenue Law.

In *People* v. *Irizarry, supra,* the defendant was ordered to pay a fine of $1 for infringement of an ordinance of the city of Mayagüez with respect to municipal licenses. The violation was that the defendant had an automobile devoted to public service for the transportation of persons for hire without having procured the license showing payment of the municipal tax. The municipal license was authorized under § 2 of Act No. 26 of March 28, 1914, which specified the business or industries upon which the license tax authorized by the Act may be imposed and among which are the following: "Group A—...the transportation for hire of persons or freight by automobiles......" But at the same time the defendant had paid to the Insular Government an excise pursuant to § 10 of Act No. 75 to regulate the use of motor vehicles in Puerto Rico, approved on April 13, 1916, as amended by Act No. 66 of May 4, 1928, which levies a license tax of $30 per annum on each automobile used as a public carrier in one or more municipalities, with the exception of those operating in the municipality of Vieques. Applying § 46 of the General Municipal Law, this Court reversed the judgment on the ground that the municipal license tax could not subsist in view of the fact that an insular tax was imposed on the same subject-matter.

In *Andréu, Aguilar & Co.* v. *Benítez, Admor.*, *supra*, the Government of the Capital sought to collect a license tax from the plaintiff who was engaged in the sale of automobiles and automobile supplies and in the storage and repair of automobiles. But since the plaintiff, as a dealer in motor vehicles and in parts, accessories, tires and inner tubes for motor vehicles, had paid the license tax imposed by § 84 of the Internal Revenue Law of Puerto Rico, as amended by Act No. 17, of June 3, 1927 (Sess. Laws, p. 458) and by Act No. 83 of May 6, 1931 (Sess. Laws, p. 504), this Court, relying on § 99 of Act No. 85 of 1925, known as the Internal Revenue Law of Puerto Rico, declared that the municipal ordinance imposing the tax in question was *ultra vires*, and citing, among others, the cases of Porto Rico Distilling Co., *supra*, and *People* v. *Irizarry*, *supra*, affirmed the judgment of the lower court which decreed an injunction to prevent the collection of the municipal license tax.

In view of the fact that hydraulic cement sold in Puerto Rico was subject to an insular tax of three cents per hundredweight, it seems clear that by including the amount of the sales of hydraulic cement in the volume of appellant's business—thereby increasing *pro tanto* the license tax imposed on appellant—the appellee indirectly imposed a tax on hydraulic cement, which was already burdened by the Internal Revenue Law by a three-cent tax per hundredweight on hydraulic cement *sold*, introduced, used of transferred in Puerto Rico.

■■ The lower court admitted that the intention of the Legislature expressed in § 99 of the Internal Revenue Law was to avoid the imposition of municipal taxes on articles burdened by an insular tax. But it maintained that although this restriction applies to municipalities, it does not apply to the Government of the Capital. In support of its theory it compared the language of §§ 26 and 46 of the General Municipal Law No. 53 of 1928, with that of §§ 18

and 40 of Act No. 99 of 1931 which established a special government for the Capital of Puerto Rico. It is true that § 26 of the General Municipal Law, as amended by Act No. 98 of May 15, 1931 (p. 594) and § 46 thereof, provide:

"Section 26.—Among the duties of the municipal assembly shall be especially the following, subject to the other provisions of this Act:

"..........

"4. The levying of reasonable taxes and excises within the jurisdictional limits of the municipality; *Provided*, that ordinances levying such taxes and excises shall be adopted by the vote of two-thirds of the members composing the municipal assembly...."

"Section 46.—The municipal revenue shall consist of:

"..........

"(*d*) License taxes provided by Act No. 26 of March 28, 1914, entitled 'An Act authorizing the municipalities of the Island of Porto Rico to levy and collect annual license taxes to be used in meeting their budgetary expenses, and for other purpose,' which is hereby declared to be in force.

"..........

"(*f*) Any other impost, excise or tax levied by the municipal assembly in the manner provided for in section 25, paragraph 4 of this Act, provided the object or matter of the tax, excise or impost has not been the object or matter of any federal or insular impost, excise or tax.

And §§ 18 and 40 of the Act to establish the Government of the Capital provide:

"Section 18.—Subject to other provisions of this Act, the Board of Commissioners shall have, among its other legislative and administrative powers, the following special powers:

"..........

"4. To levy reasonable taxes and excises within the jurisdictional limits of the Capital; *Provided,* That for the purpose of applying the industrial and commercial license tax act approved by the Legislature of Porto Rico on March 28, 1914, the Board of Commissioners is hereby authorized to include, by means of an ordinance or resolution, any industrial or commercial establishment or agency not enumerated in said act;"

"Section 40.—The revenues of the Capital shall consist of:

".     .     .     .     .     .     .     .     .     .     .

"(e) The commercial and industrial license taxes provided by Act No. 26, approved by the Legislature of Puerto Rico on March 28, 1914, and on such other commercial and industrial establishments as the Board of Commissioners may determine, as stated in section 18 of this Act;

".     .     .     .     .     .     .     .     .     .     .

"(h) The proceeds of such excises and imposts as the Board of Commissioners may approve, among which the following shall figure:

".     .     .     .     .     .     .     .     .     .     .

"(10) And such other reasonable excises or imposts as the Board of Commissioners may determine."

There is a certain difference between § 26 of the former Act and § 18 of the latter. But this difference sheds no light on the intention to grant to the Government of the Capital the power to tax an article subject to another tax imposed under the Internal Revenue Law. The difference is still more noticeable between § 46 (f) of the General Municipal Law and § 40 (h) (10) of Act No. 99 of 1931. The former expressly states the prohibition contained in § 99 of the Internal Revenue Law; in the latter, § 40 (h) (10) does not include such a restriction, but merely requires that the tax or excise decreed by the Board of Commissioners be reasonable. However, the restriction of § 99, addressed to every municipal district *or any other administrative division*, has not been expressly repealed or modified and it is well known that implied repeals are not favored. Does this omission in § 40 (h) (10) mean that the Government of the Capital was granted a power proscribed to other municipalities? It is unquestionable that the legislative intent expressed in § 99 of the Internal Revenue Law prohibiting the municipalities *or other administrative division of Puerto Rico* to levy any tax on articles subject to taxation under the Internal Revenue Law is to avoid double taxation in the economic sense

as defined in *Sucn. P. Giusti* v. *Tax Court,* 70 P.R.R. 109.[1] No one doubts that double taxation as such is constitutional, for as Mr. Justice Holmes said in *Ft. Smith Lumber Co.* v. *Arkansas,* 251 U.S. 532 (1920) double taxation is equivalent to an increase in the amount of the tax. To the same effect, see *Illinois Cent. R. Co.* v. *Minnesota,* 309 U. S. 157 (1940); *Tennessee* v. *Whitworth,* 117 U.S. 129 (1886); *Successors of Fantauzzi* v. *Municipal Assembly,* 295 Fed. 803 (C.A. 1, 1924); *Pons* v. *Tax Court,* 66 P.R.R. 520; *Andréu, Aguilar & Co.* v. *Benítez, Admor., supra,* p. 583; *Sucn. P. Giusti* v. *Tax Court, supra,* and *Ballester Ripoll* v. *Descartes, Treas., et al.,* 181.F.2d 823. And as was stated in *Tennessee* v. *Whitworth, supra:*

"Double taxation is, however, never to be presumed. Justice requires that the burdens of government shall as far as is practicable be laid equally on all, and, if property is taxed once in one way, it would ordinarily be wrong to tax it again in another way, when the burden of both taxes falls on the same person. Sometimes tax laws have that effect; but if they do, *it is because the legislature has unmistakably so enacted. All presumptions are against such an imposition.*" (Italics ours.)

In the instant case the Legislature has not unequivocally stated its intention to grant that power to the Government of the Capital. At most, it kept silent with respect to that restriction and, as argued by appellant's attorneys, the omission may be explained by the fact that the restriction exists with crystal clearness in § 99 of the Internal Revenue Law. But be that as it may; the Legislature, we repeat, has not used unmistakable language from which such power by Government of the Capital stems.

---

[1] In *Sucn. P. Giusti* v. *Tax Court,* 70 P.R.R. 109, 115, this Court said: "The earlier cases utilized the concept of 'double taxation' in a third sense. Even though (1) there was no constitutional inhibition against double taxation and (2) there was no double taxation in the strictly legal sense, those cases labelled as 'double taxation' taxes which were double in the broad sense by virtue of their economic impact. Those cases did not say that such taxes may not be validly imposed. But they did require the intent to impose them to be clear and explicit."

Seeking to avoid the effect of the prohibition against double taxation, the lower court at the close of its opinion, argues that:

"In the case before us an *insular* tax of three cents per hundredweight is levied on hydraulic cement sold, transferred, used, consumed or introduced in Puerto Rico and a *municipal* excise tax (the license) is imposed on plaintiff for being engaged in commercial dealings within the territorial limit of the capital, which excise is levied according to the volume of taxpayer's business, it being understood that this phrase encompasses the gross income of the business or industry, without taking into account its profits or benefits, which is determined by the amount of the earnings (sic) of stores, commercial establishments and other industries. *Mayagüez Lt. & I. Co.* v. *Green et al.*, 36 P. R.R. 293. So that admitting that both taxes are of the same nature (excises) and assuming that they are levied on the same thing, we hold that there is no double taxation in the prohibited sense because one is insular and the other municipal; one taxes introduction for sale, use, consumption, etc., of hydraulic cement in Puerto Rico, while the other is imposed on the privilege of engaging a business within the territorial limits of the capital even though the sale of hydraulic cement is indirectly taxed, for said excise taxes do not fall on the same taxable event. Assuming likewise that the imposition of the license tax is in conflict with said excise (*People* v. *Irizarry, supra,*) there is nothing to prevent the enforcement of both taxes, as was done in this case as a matter of fact."

This reasoning loses sight of the fact that as the municipalities, like the Government of the Capital, are mere creatures of the Legislature of Puerto Rico, the power granted to them to impose excise taxes emanates from the Government of Puerto Rico. Consequently, the taxes imposed within the exercise of such power do not stem from a different government, but from one of the administrative divisions of the insular government. *Gilman* v. *City of Sheboygan*, 67 U.S. 510 (1862) ; *Mayagüez Show Co.* v. *Municipality of Mayagüez*, 30 P.R.R. 416; *Gunter* v. *City of Jackson*, 94 So. 842 (Miss., 1923). See also, *People ex rel. Cas-*

*tro* v. *Padrón Rivera*, 60 P.R.R. 777. As we have seen, it is likewise untenable that the excise tax imposed by the Government of the Capital on hydraulic cement by adding the sales of said articles to the volume of appellant's business, in view of § 99 of the Internal Revenue Law, is different from the tax levied on the same article by said Law.

■ Finally the lower court attempts to fortify its conclusion with the last "Proviso" of § 99 of the Internal Revenue Law of Puerto Rico, which says:

> "*And provided, further*, That when the levying of a license tax is in conflict with the tax levied in accordance with the general Excise Tax Law and both cannot be made effective, it shall be understood that the tax levied under the Excise Tax Law shall prevail."

It maintains that in the present case both the insular tax and the municipal license tax could have been made effective because appellant paid, even though under protest, the municipal license tax; and arguing *a contrario sensu* it concludes that if the municipal license tax was actually paid, it is valid even though in conflict with the Internal Revenue Law. Such cannot be the intent of said "Proviso", for the validity of a tax does not depend on the economic situation of a taxpayer. In *People* v. *Irizarry*, *supra*, this Court construing the same "Proviso", said:

> "From these provisions the intention of the Legislature becomes clear. When reference is made to a conflict between a license tax (*patente*) and a tax, and it is assumed that there is a possible case in which both can not be made effective, it is clear that what is referred to is the validity of the municipal license tax, *to its not being in conflict with the insular tax, and consequently the Legislature must have had in mind doube taxation, because otherwise no conflict could arise between the two taxes which would prevent them from being made effective.*" (Italics ours.)

For this reason, in *Andréu, Aguilar & Co.*, *supra*, although it was not shown that the plaintiff lacked the means,

to pay the municipal license tax, the complaint was sustained merely because the statute establishing a municipal license tax provided for the payment of similar taxes on the. same business taxed by the Internal Revenue Law of Puerto Rico. Hence the words "and both cannot be made effective" used in the aforesaid "Proviso" mean that it is legally impossible for a tax under the Internal Revenue Tax and an excise or municipal license tax whose economic impact falls on the same article to coexist.

The judgment will be reversed and the motion of the Government of the Capital to dismiss the complaint will be denied and the case remanded for further proceedings consistent with the principles stated in this opinion.