## NATIONAL LABOR RELATIONS BOARD v. JOS. N. FOURNIER, ROME LINCOLN–MERCURY CORPORATION.

### No. 225, Docket 21478.

United States Court of Appeals Second Circuit.

Submitted May 8, 1950.

Decided June 1, 1950.

David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, Owsley Vose and Gerald F. Krassa, all of Washington, D. C., for petitioner.

Furcinito & Rinaldo, Syracuse, N. Y., E. V. Acchionero, Rome, N. Y., for respondent-movant.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

This case is before us on petition of the Board to enforce its order of October 6, 1949 directing the respondent to cease and desist from specified unfair labor practices and to take specified affirmative action. The respondent has filed no answer to the petition and no brief.[1] But by notice of mo-

---

20. See Stearns Co. of Boston v. United States, 1934, 291 U.S. 54, 65, 54 S.Ct. 325, 78 L.Ed. 647.

21. Wiggins v. Burkham, 1869, 10 Wall. 129, 77 U.S. 129, 132, 19 L.Ed. 884; Standard Oil Co. v. Van Etten, 1882, 107 U.S. 325, 334, 1 S.Ct. 178, 27 L.Ed. 319.

1. The respondent refused to participate

tion dated May 2, 1950 and returnable May 8th, the very day on which the Board's petition appeared on our calendar for oral argument, the respondent moved for leave to adduce additional testimony. Consideration must be first directed to this motion.

■ Section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 160(e) permits the court to give leave to adduce additional evidence if satisfied "that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board, its member, agent, or agency." The motion papers show that all of the material evidence which the movant now wishes to adduce was available to it at the date of the hearing before the trial examiner on August 2, 1949. The excuse asserted for failure to present it at the hearing is that Mr. Fournier had previously explained to representatives of the Board his reasons for failing to hire Janes and for discharging O'Connor and Martin, and had been assured by them that he need not appear at the hearing. But the Board's representatives have filed affidavits in which they categorically deny that they gave Mr. Fournier any such assurance or told him that the charges of discrimination had no merit. If such assurance were given, it is indeed strange that Mr. Fournier made no allusion to it in the letter dated August 1, 1949 which he sent to the Trial Examiner. That letter said: "I am employing this method of making the facts known to you because I have neither the time or money to waste in traveling back and forth to Rome to defend the Corporation against the unfounded charges." Under the statute the movant has the burden of satisfying the court that there were "reasonable grounds" for failure to adduce the evidence at the hearing. That burden has not been carried. Accordingly, regardless of laches in presenting the motion, it must be denied.

■ As to the Board's petition it will suffice to say that the record contains sub-

stantial evidence to support the Board's findings and order. Indeed, there is no evidence to the contrary, since the respondent defaulted. The petition for enforcement is granted.

in the proceedings before the Board's Trial Examiner and filed no answer to the Board's complaint. Mr. Fournier, the respondent's president, refused to

accept registered mail addressed to him by the Board and mailed back the complaint and notice of hearing personally served upon him.