RAMCO, INC., Appellant,

v.

DIRECTOR, DEPARTMENT OF REVE-
NUE of the State of Iowa, Appellee.

No. 2–57277.

Supreme Court of Iowa.

Dec. 15, 1976.

Richard D. Raymon and Gary L. Robin-
son, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., George W.
Murray, Special Asst. Atty. Gen., and Harry
M. Griger, Asst. Atty. Gen., for appellee.

Submitted to MOORE, C. J., and MA-
SON, LeGRAND, UHLENHOPP and
McCORMICK, JJ.

LeGRAND, Justice.

This is a claim for refund of use tax paid
under protest in the amount of $1,775.57 for
the years 1968 through 1973. The trial
court disallowed the claim and we affirm.

Ramco, Inc. is a corporation with its prin-
cipal place of business in Cedar Rapids,
Iowa. It owns a number of coin operated
phonographs, commonly called juke boxes,
which play records of musical selections

upon deposit of a designated coin. Ramco purchases large quantities of records from out of the state for use in these machines. These are the purchases upon which the disputed use tax was paid.

Ramco claims these purchases are exempt from use tax because it does not acquire the records as the ultimate consumer. Ramco argues the records are processed, changed in form, and become an integral part of other tangible property (a musical tune) which is then purchased by those who activate the juke boxes.

I. Ramco bases its claim for exemption from use tax on this provision of § 423.1(1), The Code, 1966:

" 'Use' means and includes the exercise by any person of any right or power over tangible personal property incident to the ownership of that property, except that it shall not include processing, or the sale of that property in the regular course of business. *Property used in 'processing' within the meaning of this subsection shall mean and include (a) any tangible personal property including containers which it is intended shall, by means of fabrication, compounding, manufacturing, or germination, become an integral part of other tangible personal property intended to be sold ultimately at retail.* * * *." (Emphasis added)

The case was submitted on stipulated facts. In addition to those already related, the important circumstances include an agreement that the phonograph records have a useful life of less than one year, depending upon the frequency with which they are played. At the end of that time, they are sold, not as phonograph records, but as scrap for the constituent materials and substances from which they were originally manufactured.

Ramco's argument is simply this: the records are tangible personal property which by processing "become an integral part of other tangible personal property;" that the phonograph records when placed in the juke box and played produce a musical tune; and that this tune is "other tangible personal property intended to be sold ultimately at retail."

According to Ramco each time a record is played, the party buys a part of the record. Ramco argues that this falls within the exemption above quoted from § 423.1(1)(a) and that the records are exempt from use tax.

■ The trial court disagreed and so do we. When the phonograph record is placed in the juke box and a tune is reproduced by mechanical means, there is no processing as the statute uses the term. It remains in its same identical form. It is not used up, except to the extent that constant use eventually causes it to wear out. Ramco retains title to the record; it is played over and over again; it may at any time be removed from the juke box and placed elsewhere, or not used at all for that purpose; it could be sold as a phonograph record at Ramco's pleasure.

Our statute does not define processing, but several of our decisions explain what the term means. In *Linwood Stone Products Co. v. State Department of Revenue,* 175 N.W.2d 393, 395 (Iowa 1970), we said:

"Generally then 'processing' as used in chapters 422 and 423 of the Code refers to an operation whereby raw material is subjected to some special treatment by artificial or natural means which changes its form, context, or condition, and results in marketable, tangible personal property."

In *Fischer Artificial Ice & Cold Storage Co. v. Iowa State Tax Department,* 248 Iowa 497, 501–502, 81 N.W.2d 437, 440–441 (1957), this appears:

"Neither chapter 422 or 423 defines processing. It seems clear the term should be given its usual, ordinary and commonly understood meaning or, as Code section 4.1(2), I.C.A. requires, the meaning that accords with 'the approved usage of the language.'

"It has been pointed out the essential part of Webster's definition of processing

is in substance to prepare raw material for the market."

*See also Zoller Brewing Company v. State Tax Commission of Iowa*, 232 Iowa 1104, 1108, 5 N.W.2d 643, 645, *modified* 6 N.W.2d 843 (1942). Any processing in connection with these records was accomplished *before* Ramco purchased them. The repeated playing of a phonograph record is not processing.

We agree with the trial court that Ramco is not entitled to an exemption from use tax under our statute.

II. There is another ground for denying Ramco's claim, although it is one not relied on by the trial court.

Before an exemption may be granted under § 423.1(1)(a), the processed tangible personal property must become an integral part of "other tangible personal property intended to be sold ultimately at retail." We agree with the State there was no sale of tangible personal property.

Tangible personal property is defined in § 423.1(4), The Code, 1966, as follows:

" 'Tangible personal property' means tangible goods, wares and merchandise, and gas, electricity, and water when furnished or delivered to consumers or users within this state."

Under this definition a musical tune is not tangible personal property.

Ramco relies strongly on *State v. Jones*, 60 Ariz. 412, 137 P.2d 970, 971 (1943), where the Arizona Supreme Court held playing a record was the sale of tangible personal property. However, that conclusion was based on an Arizona statute defining personal property as anything which may be "seen, weighed, measured, felt, touched, or is in any other manner perceptible to the senses." The court held the playing of a record produced music which was "perceptible to the sense of hearing" and hence was tangible personal property. In the absence of statutory definition, we doubt if the Arizona Supreme Court would have so held.

Other courts have reached contrary results. *See Roth Drugs, Inc. v. Johnson*, 13 Cal.App.2d 720, 57 P.2d 1022, 1028 (1936), where the court said:

"Tangible property is that which is visible and corporeal, having substance and body as contrasted with incorporeal property rights such as franchises, choses in action, copyrights, the circulation of a newspaper, annuities and the like."

A similar result was reached in *The Bismarck Tribune Company v. Omdahl*, 147 N.W.2d 903, 906 (N.D.1966), where this appears:

"Thus 'tangible' personal property would be personal property that can be touched or handled."

Under § 423.1(4), purchasing the right to listen to a musical selection is not the purchase of tangible personal property.

III. Ramco also complains it was subjected to double taxation because, after paying a use tax on the records, it also paid a sales tax on its gross receipts. This is not double taxation, which has been defined in *Spencer v. Snedeker*, 361 Pa. 234, 64 A.2d 771, 772 (1949) as follows:

"Double taxation exists only where there is the imposition of the same tax by the same taxing power upon the same subject matter."

*See also* Black's Law Dictionary (Rev. 4th Ed. 1968), at 579.

One of the purposes of the Iowa use tax was to prevent double taxation. A purchase of property subject to sales tax may not be assessed for use tax. *See Dain Manufacturing Company of Iowa v. Iowa State Tax Commission*, 237 Iowa 531, 534, 22 N.W.2d 786, 788 (1946).

If Ramco purchased the records within the State of Iowa, the purchase would be subject to sales tax. Because the records are purchased outside the State of Iowa, Ramco is subject, instead, to use tax. Double taxation would result if Ramco were required to pay both the use tax and the sales tax on its purchase of the records. *Herman M. Brown v. Johnson*, 248 Iowa 1143, 1153, 82 N.W.2d 134, 141 (1957), *supp. opinion* 84 N.W.2d 44.

In the present case the use tax was collected on Ramco's use of the records. The sales tax was on the gross receipts. These are separate transactions. One is completely distinct from the other. The first is payable under § 423.2, the second under § 422.43, which specifically taxes receipts from musical devices. The records are only one of a number of factors important in producing Ramco's income from the juke boxes.

The judgment of the trial court denying Ramco's application for refund is affirmed.

AFFIRMED.