**CEDAR VALLEY LEASING, INC., Appellant,**

v.

**IOWA DEPARTMENT OF REVENUE, Appellee.**

**No. 61433.**

Supreme Court of Iowa.

Jan. 24, 1979.

Morris L. Eckhart, of Milroy & Eckhart, Vinton, for appellant.

Richard C. Turner, Atty. Gen., George W. Murray, Special Asst. Atty. Gen., and Harry M. Griger, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE and McGIVERIN, JJ.

REYNOLDSON, Chief Justice.

In a contested case proceeding Iowa Department of Revenue held that petitioner, Cedar Valley Leasing, Inc. (Cedar Valley), must pay sales tax on the purchase of equipment used in its leasing business. Cedar Valley lost on judicial review in district court and now appeals here. We affirm.

The operative facts are admitted in the pleadings and stipulated.

Cedar Valley is an Iowa corporation located at Vinton. It leases equipment to farmers on what it terms a "true lease," not a conditional sales contract. Cedar Valley first locates a farmer who wants to rent a piece of equipment, then purchases that equipment and leases it to the farmer. The equipment is delivered directly to the farmer and is never in the actual, physical possession of Cedar Valley.

December 22, 1975, Cedar Valley filed with the Department a petition for declaratory ruling to determine whether its *leasing* operations were subject to sales tax. The Department ruled these lease transactions were a taxable service under § 422.43, The Code 1975. Cedar Valley did not seek further review of that ruling and does not challenge it now.

From February 18, 1975, to March 11, 1976, Cedar Valley paid $1122.78 in sales tax on equipment it had *purchased* for lease to farmers. March 17, 1976, the company filed a claim for refund of this tax. When the claim was denied Cedar Valley protested, claiming the Department could not legally collect taxes on both the purchase and lease of the equipment. The Department, through a hearing officer, determined it had not erred in denying Cedar Valley's refund claim. The latter then petitioned for judicial review.

Prior to district court's adverse ruling, Cedar Valley filed application for leave to present additional evidence. This application was resisted and ultimately denied.

Appealing here, Cedar Valley claims (1) its purchases of farm equipment were not subject to retail sales tax because they were not "retail sales" and the company was not a "consumer or user" of the farm equipment, and (2) trial court wrongly denied its application to present additional evidence.

I. *Was Cedar Valley's purchase of farm equipment subject to Iowa sales tax?*

Our review in this contested case proceeding is governed by § 17A.19(8), The Code. Cedar Valley seeks to show its substantial rights were prejudiced because the Department's action was in violation of statutory provisions. See § 17A.19(8)(a).

Section 422.43, The Code, provides ·in part:

There is hereby imposed a tax of three percent upon the gross receipts from all sales of tangible personal property, consisting of goods, wares, or merchandise, except as otherwise provided in this division, *sold at retail* in the state to *consumers or users* * * *.

(emphasis supplied) Cedar Valley argues its farm equipment purchases are nontaxable because it is not the "consumer or user." It further asserts a purchase for its leasing purposes is not a "retail sale" as defined in § 422.42(3):

# 360

[T]he sale to a consumer or to any person for any purpose, other than for processing or for resale of tangible personal property or taxable services, or for resale of tangible personal property in connection with taxable services \* \* \*.

Pertinent rules governing construction of tax statutes are summarized in *Sorg v. Iowa Department of Revenue,* 269 N.W.2d 129, 131–32 (Iowa 1978), and *First National Bank v. Bair,* 252 N.W.2d 723, 725 (Iowa 1977).

■ Applying these rules, we hold Cedar Valley is a "consumer or user" of the equipment it purchases for rental. By the lease terms Cedar Valley retains complete ownership and specified repossession rights in case of default. On termination of the lease, lessee is required to "return Equipment to Lessor at an address specified by Lessor."

A "consumer" is defined as "one that utilizes economic goods." Webster's Third New International Dictionary 490 (1961). Cedar Valley utilizes the farm equipment in its leasing business. When the lease is executed, the intended utilization or use for which the property was acquired is accomplished. Cedar Valley need not exhaust, waste, or destroy the equipment to be a "consumer or user."

Our holding is supported by *W. J. Sandberg Co. v. Iowa State Board of Assessment and Review,* 225 Iowa 103, 106–09, 278 N.W. 643, 645–46 (1938), *Ramco, Inc. v. Director, Department of Revenue,* 248 N.W.2d 122, 124 (Iowa 1976), *Union Oil Co. v. State Board of Equalization,* 60 Cal.2d 441, 446–50, 34 Cal.Rptr. 872, 876–78, 386 P.2d 496, 500–02 (1963), appeal dismissed, 377 U.S. 404, 84 S.Ct. 1629, 12 L.Ed.2d 495 (1964), and *Philco Corp. v. Department of Revenue,* 40 Ill.2d 312, 316–18, 239 N.E.2d 805, 808–09 (1968).

■ We also hold that Cedar Valley's purchases of farm equipment are "retail sales" as defined § 422.42(3). Cedar Valley contends those purchases come within an exception in that subsection. It asserts in its brief "that a sale for the purpose of

resale of taxable services does not constitute a 'retail sale' subject to the tax."

It is true Cedar Valley's leasing operation is a taxable service under § 422.43, The Code:

The following enumerated *services* shall be subject to the tax herein imposed on gross *taxable services:* \* \* \* equipment rental \* \* \*.

(emphasis supplied) Cedar Valley does not dispute "rental" as used in this statute is the equivalent of "lease." It conceded as much by not contesting the Department's prior declaratory ruling holding its leases subject to this service tax.

Cedar Valley believes that leasing the equipment is the same as selling the equipment and concedes "[i]t is axiomatic that in order for [its] lease transactions to be 'resales' they must constitutes 'sales' as that term is defined in the sales tax statutes."

Section 422.42(2) provides:

"Sales" means any transfer, exchange, or barter, conditional or otherwise, in any manner or by any means whatsoever, for a consideration.

Cedar Valley contends this definition is broad enough to include leases. While this might be true in other contexts, we are convinced the legislature did not intend it here. Cedar Valley fails to point to any portion of the definition or anything else in ch. 422 that indicates the legislature intended to include lease transactions within its definition of sales.

■ On the contrary, had the legislature so intended, there would have been no purpose in amending § 422.43 in 1967 to impose the tax on equipment rental and similar lease transactions as taxable services. Sixty-Second General Assembly, ch. 248, § 20. We must give effect to the entire retail sales tax division of ch. 422 and construe it in such a manner as to render no portion superfluous. *Millsap v. Cedar Rapids Civil Serv. Comm'n,* 249 N.W.2d 679, 688 (Iowa 1977).

■ Cedar Valley's position, because it renders superfluous the § 422.43 tax on equipment rental as a service, violates that

duty. An overview of our retail sales tax law discloses that sales of personalty and the furnishing of services are consistently regarded as separate and distinct transactions. The renting of farm equipment, because it constitutes a taxable service, cannot also be a taxable sale. Cedar Valley's argument to the contrary is without merit. We need not construe or apply the exceptions created in § 422.42(2).

The basic premise of Cedar Valley's position is that it is a victim of double taxation. It is willing to pay tax on its gross receipts from the equipment rental but claims it should not have to pay tax when it purchases the equipment. The constitutional aspects of this premise have been abandoned on appeal. See *Fort Smith Lumber Co. v. Arkansas ex rel. Arbuckle,* 251 U.S. 532, 533, 40 S.Ct. 304, 305, 64 L.Ed. 396, 398 (1920) ("The fourteenth amendment no more forbids double taxation than it does doubling the amount of a tax * * *."); *Independent School Dist. v. Iowa Emp. Sec. Comm'n,* 237 Iowa 1301, 1309, 25 N.W.2d 491, 496 (1946) ("Double taxation, in the proper meaning of the term, is within the power of the legislature * * *."). Cedar Valley now says only that we should not construe Iowa's retail sales tax law to permit double taxation unless such a result was clearly and unequivocally intended. Accord, *Independent School Dist.,* 237 Iowa at 1309, 25 N.W.2d at 496.

■ There is no double taxation imposed in this case. Generically speaking, the sales and service taxes are excise taxes: The tax is imposed on the transactions, and the privilege to conduct it, not the property. *Lee Enterprises, Inc. v. Iowa State Tax Comm'n,* 162 N.W.2d 730, 739 (Iowa 1968); *Plank v. Grimes,* 238 Iowa 594, 596–97, 28 N.W.2d 34, 35 (1947); 68 Am.Jur.2d Sales & Use Taxes § 4 (1973); 84 C.J.S. Taxation § 121 (1954). The sales tax on Cedar Valley's machinery acquisition cost is imposed on the privilege of selling the equipment. See *Sullivan v. United States,* 395 U.S. 169, 175 & n.23, 177 n.28, 89 S.Ct. 1648, 1652, 1653, 23 L.Ed.2d 182, 187, 189 (1969); *Hooten v. Carson,* 186 Tenn. 282, 285–86, 209

S.W.2d 273, 274 (1948); Note, State Revenue Systems: Impact of the Tax on Services in Iowa, 54 Iowa L.Rev. 64, 65 n.6 (1968). The service tax on the equipment rental is grounded on the privilege of renting or leasing equipment. See *Boise Bowling Center v. State,* 93 Idaho 367, 370, 461 P.2d 262, 265 (1969). The ultimate legal incidence of the tax is on Cedar Valley for the acquisition transaction, and on the farmer for the rental transaction. See §§ 422.48 & .49, The Code.

■ Double taxation occurs only where there is the imposition of the same tax by the same taxing power upon the same subject matter. *Ramco,* 248 N.W.2d at 124. Contrary to Cedar Valley's characterizations, there exist in this case two separate and distinct transactions which are subject to the tax imposed by § 422.43. The fact that they occur simultaneously is of no significance. See *Boise Bowling Center,* 93 Idaho at 370, 461 P.2d at 265. The statutory interpretation we adopt does not result in double taxation.

In summary, we hold Cedar Valley's purchase of farm equipment is a retail sale to a consumer or user, and is not exempted from tax by the contemporaneous lease of the equipment to farmers. We have examined other contentions advanced by Cedar Valley and find them unpersuasive. District court was correct in affirming the Department's denial of Cedar Valley's protest.

II. *Did trial court wrongly deny Cedar Valley's application to submit additional evidence?*

Relevant here is the following portion of § 17A.19(7), The Code:

Before the date set for hearing a petition for judicial review of agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case. If it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may order that the

additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision in the case by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court and mail copies of the new findings or decisions to all parties.

Cedar Valley timely filed its application for permission to present to the Department the following additional evidence:

A. Testimony of the President of Petitioner, James E. Anderson, concerning the procedures used by Petitioner in each of its transactions when a farmer leases equipment; and

B. Documentary evidence, including the applications, orders, invoices, and equipment leases utilized in Petitioner's business.

Department resisted on several grounds. Trial court denied the application.

■ A § 17A.19(7) application must show (1) materiality and (2) good reasons for failure to present the evidence earlier. The Department concedes materiality but contends the second element is lacking. We agree.

Cedar Valley argues that this evidence, available when the protest was submitted to the hearing officer, was withheld "in order to simplify the factual matters." It claims the evidence became necessary when the hearing officer misinterpreted the stipulated facts. It also claims surprise from the finding that two separate transactions were involved.

■ There is no merit to Cedar Valley's claim of surprise. Cedar Valley's supplemental brief filed with the hearing officer argued "[t]he purchase and rental of farm equipment by [Cedar Valley] constitutes a single transaction, rather than separate transactions." It discussed the relevant facts and tried to distinguish authorities cited by the Department. Cedar Valley was fully aware of the need for material evidence on this issue. Its decision to withhold certain proof for the sake of simplic-

ity is one of those irretrievable elections that face parties in any litigation. It does not constitute a good reason for failing to present the evidence to the agency. *NLRB v. Fournier,* 182 F.2d 621, 622 (2d Cir. 1950).

Moreover, Cedar Valley's protest, its petition for judicial review, and its factual stipulations clearly show two transactions with reference to each item of equipment: a purchase and a lease. Remand for additional evidence to controvert that record is not contemplated by § 17A.19(7). Additional evidence to show the two transactions occurred simultaneously or almost so would be immaterial under our analysis set out in division I.

Trial court did not err in denying the application for limited remand.

Trial court's judgment is affirmed.

AFFIRMED.